IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:24-cv-2663 ) ) |
| CRYSALIS BIOSCIENCES, INC.; KEITH ZARCYCZYNSKI; and CHERYL BUESCHER, as Special Administrator of the Estate of Timothy Buescher, Deceased, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Kinsale Insurance Company ("Kinsale"), by and through its attorneys, Dana A. Rice and Adam P. Joffe of Traub Lieberman Straus & Shrewsberry LLP, and for its Complaint for Declaratory Judgment against Defendants, Crysalis Biosciences, Inc. ("Crysalis"); Keith Zarcyczynski ("Zarcyczynski"); and Cheryl Buescher, as Special Administrator of the Estate of Timothy Buescher, Deceased, it states as follows:

## THE PARTIES

1. Kinsale is, and at all relevant times has been, a corporation organized under the laws of Arkansas with its principal place of business in Richmond, Virginia. At all relevant times, Kinsale was an unauthorized foreign surplus lines insurance company that is eligible to issue insurance policies in the State of Illinois through a licensed surplus lines producer.

2. At all relevant times, Crysalis was a corporation organized under the laws of Delaware and with its principal place of business in Columbus, Georgia.

3. At all relevant times, Zarcyczynski is and was a citizen of Illinois.

4. At all relevant times, Cheryl Buescher, as Special Administrator of the Estate of Timothy Buescher, Deceased, is and was a citizen of Illinois.

1

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that the citizenship of the parties is completely diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, this matter relates to an insurance policy providing in excess of $75,000 in coverage and an underlying wrongful death lawsuit seeking in excess of $75,000.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to this litigation occurred in this judicial district. Specifically, Timothy Buescher ("Buescher") allegedly suffered injuries at Crysalis facility in this judicial district. The underlying lawsuit giving rise to this coverage action is currently pending in the Circuit Court of St. Clair County, Illinois.  The subject insurance policy giving rise to this suit covered a risk in this judicial district. Moreover, at least one of the defendants is a citizen of this judicial district.

## THE UNDERLYING LAWSUIT

7. On or about March 27, 2024, Cheryl Buescher, as Special Administrator of the Estate of Timothy Buescher, deceased, filed a Complaint against Zarcyczynski in the Circuit Court of St. Clair County, Illinois, where it is pending under case number 24 LA 0464 ("*Buescher* Lawsuit").

8. On or about July 12, 2024, a First Amended Complaint was filed against Crysalis and Zarcyczynski. (A true and correct copy of the *Buescher* Lawsuit is attached hereto as **Exhibit A**.)

9. The *Buescher* Lawsuit arises out of injuries that Buescher allegedly sustained on August 14, 2023, while performing electrical work at a Crysalis facility in Sauget, Illinois ("Facility"). (Ex. A, ¶ 4.)

10. The *Buescher* Lawsuit alleges that Zarcyczynski is the quality compliance manager and safety director at Crysalis. (Ex. A, ¶ 2.)

11. Count I of the *Buescher* Lawsuit asserts a claim for negligence against Zarcyczynski. (Ex. A, ¶¶ 1-6.)

12. Specifically, Count I of the *Buescher* Lawsuit alleges that Zarcyczynski committed one or more of the following negligent acts or omissions: (1) negligently and carelessly failed to ensure that electrical circuits where work was being performed by Buescher were properly locked out; (2) negligently and carelessly failed to warn Buescher that the circuits he was working on were not properly locked out; and (3) negligently and carelessly failed to repair damage to wiring that resulted in circuits not properly working. (Ex. A, ¶ 3.)

13. Count I further alleges that as a direct and proximate result of these negligent acts, Buescher was shocked, allegedly causing him physical injury to his shoulder which required surgery. (Ex. A, ¶ 4.)

14. During the surgery, Buescher allegedly suffered a pulmonary embolism on September 10, 2023, which allegedly resulted in his death. (Ex. A, ¶ 4.)

15. Count II of the *Buescher* Lawsuit asserts a claim for negligence against Crysalis. (Ex. A, ¶¶ 1-6.)[1]

16. Count II of the *Buescher* Lawsuit restates the claims set forth in Count I but alleges that the negligent acts or omissions were committed by Crysalis. (Ex. A, ¶¶ 1-6.)

---

[1] Count II of the *Buescher* Lawsuit restarts paragraph numbering at paragraph 1. Thus, there are multiple paragraphs with the same numbering.

## ADDITIONAL FACTS

17. Buescher was an employee of Bell Electrical Contractors at the time of his injury.

18. An arbitration before the Illinois Workers' Compensation Commission arising out of the injuries to Buescher is currently pending under Case Number 24 WC 1671.

## THE KINSALE POLICY

19. Kinsale issued an Environmental Combined Liability insurance policy to Crysalis through policy number 0100228713-0 for the policy period of March 2, 2023, to March 2, 2024. ("Kinsale Policy"). (A true and correct copy of the Kinsale Policy is attached hereto as **Exhibit B**.)

20. The Kinsale Policy provided, among other things, commercial general liability coverage subject to a $1,000,000 limit of liability per occurrence and a general aggregate limit of $2,000,000.  (Ex. B.)

## COUNT I

### THE "INJURY TO INDEPENDENT CONTRACTORS" EXCLUSION BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *BUESCHER* LAWSUIT

21. Kinsale adopts and realleges the allegations in paragraphs 1 through 20 of its Complaint for Declaratory Judgment as paragraph 21 of Count I of its Complaint for Declaratory Judgment as if fully set forth herein.

22. The Kinsale Policy incorporates the following exclusion relating to injuries to independent contractors or subcontractors:

**ABSOLUTE EXCLUSION – INJURY TO INDEPENDENT CONTRACTORS OR SUBCONTRACTORS**
\* \* \*

The following exclusion is added to this Policy:

4

> This insurance does not apply to any claim or "suit" for "bodily injury" or "personal and advertising injury" sustained by:
>
> **(1)**   Any independent contractor or subcontractor; or
>
> **(2)**   Any employee, "leased worker", "temporary worker" or volunteer help of any individual or entity described in **(1)** above; or
>
> **(3)**   The spouse, child, parent, brother, sister, or other family member of any individual or entity described in **(1)** or **(2)** above, as a consequence of such individual or entity's injury.
>
> This exclusion applies regardless of who retained, hired, engaged or selected the individual or entity described in **(1)** above. This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.
>
> \* \* \*

(Ex. B, hereinafter the "Injury to Independent Contractors Exclusion").

23. The Injury to Independent Contractors Exclusion expressly bars coverage for, among other things, any "bodily injury" sustained by an independent contractor or subcontractor, or any employee of an independent contractor or subcontractor. (Ex. B.)

24. Here, the *Buescher* Lawsuit arises out of injuries allegedly sustained by Buescher while performing electrical work at the Facility. (Ex. A, ¶¶ 1-6.)

25. At the time of his alleged injury at the Facility, Buescher was an employee of Bell Electrical Contractors.

26. At the time of Buescher's alleged injury at the Facility, Bell Electrical Contractors was a subcontractor or an independent contractor of Crysalis.

27. Accordingly, the "Injury to Independent Contractors Exclusion" bars coverage for the claims asserted in the *Buescher* Lawsuit.

28. Kinsale has and had no duty under the Kinsale Policy to defend Crysalis and/or Zarcyczynski in the *Buescher* Lawsuit, or to indemnify Crysalis and/or Zarcyczynski for any judgment or settlement entered in the *Buescher* Lawsuit.

29. An actual controversy exists between Kinsale, Crysalis, Zarcyczynski, and Buecher, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

b. Find and declare that the Kinsale Policy's "Injury to Independent Contractors Exclusion" bars coverage for the claims asserted in the *Buecher* Lawsuit;

c. Find and declare that Kinsale has and had no duty under the Kinsale Policy to defend Crysalis and Zarcyczynski in the *Buecher* Lawsuit, or to indemnify Crysalis and Zarcyczynski for any judgment or settlement entered therein; and

d. Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II

### THE "INDEPENDENT CONTRACTORS EXCLUSION" BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *BUECHER* LAWSUIT

30. Kinsale adopts and realleges the allegations in paragraphs 1 through 29 of its Complaint for Declaratory Judgment a paragraph 30 of Count II of its Complaint for Declaratory Judgment as if fully set forth herein.

31. The Kinsale Policy incorporates the following exclusion relating to independent contractors or subcontractors:

**LIMITATION – INDEPENDENT CONTRACTORS OR SUBCONTRACTORS**
\* \* \*

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of, related to, or in any way involving any act of any independent contractor or subcontractor contracted by you or on your behalf, unless at the time the "bodily injury", "property damage", or "personal and advertising injury" occurs:

1. The independent contractor or subcontractor contracted by you or on your behalf:

    a. Maintains insurance coverage with scope of coverage and limits of insurance equal to or greater than the insurance coverage and limits of insurance provided by this Policy; and

    b. Provides you with an endorsement or valid certificate of insurance indicating that you have been added to the independent contractor's or subcontractor's policy as an Additional Insured; and

    c. Provides you with an endorsement or valid certificate indicating that the independent contractor's or subcontractor's insurance company has agreed to provide a Waiver of Subrogation endorsement in your favor; and

2. The contract(s) with the independent contractor or subcontractor contain hold harmless and indemnity agreements in your favor, agreeing to defend and indemnify you to the fullest extent permitted by law against any loss or expense arising from or related to work performed for you or on your behalf by such independent contractor or subcontractor.

\* \* \*

(Ex. B, "Independent Contractors Exclusion").

32. The Independent Contractors Exclusion expressly bars coverage for, among other things, any "bodily injury" arising directly or indirectly out of, related to, or in any way involving any act of an independent contractor or subcontractor contracted by Crysalis or on behalf of Crysalis, subject to certain exceptions not relevant in the context of the *Buescher* Lawsuit. (Ex. B.)

33. Here, the *Buescher* Lawsuit arises out of injuries that Buescher allegedly sustained while performing electrical work at the Facility. (Ex. A, ¶¶ 1-6.)

34. At the time of his alleged injury at the Facility, Buescher was an employee of Bell Electrical Contractors.

35. At the time of Buescher's alleged injury at the Facility, Bell Electrical Contractors was a subcontractor or an independent contractor of Crysalis.

36. Accordingly, the Independent Contractors Exclusion bars coverage for the claims asserted in the *Buescher* Lawsuit.

37. Kinsale has and had no duty under the Kinsale Policy to defend Crysalis and/or Zarcyczynski against the *Buescher* Lawsuit, or to indemnify Crysalis and/or Zarcyczynski for any judgment or settlement entered in the *Buescher* Lawsuit.

38. An actual controversy exists between Kinsale, Crysalis, Zarcyczynski, and Buescher, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

b. Find and declare that the Kinsale Policy's "Independent Contractors Exclusion" bars coverage for the claims asserted in the *Buescher* Lawsuit;

c. Find and declare that Kinsale has and had no duty under the Kinsale Policy to defend Crysalis and Zarcyczynski in the *Buescher* Lawsuit, or to indemnify Crysalis and Zarcyczynski for any judgment or settlement entered therein; and

d. Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT III

### IN THE ALTERNATIVE, THE "EMPLOYER'S LIABILITY EXCLUSION" BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *BUESCHER* LAWSUIT

39. Kinsale adopts and realleges the allegations in paragraphs 1 through 38 of its Complaint for Declaratory Judgment as paragraph 39 of Count III of its Complaint for Declaratory Judgment as if fully set forth herein.

40. The Kinsale Policy incorporates the following exclusion relating to employer's liability:

### AMENDED EXCLUSION – EMPLOYER'S LIABILITY
\* \* \*

The **Employer's Liability** exclusion in Paragraph **2. Exclusions** of the **BODILY INJURY AND PROPERTY DAMAGE LIABILITY COVERAGE** is deleted and replaced by the following:

This insurance does not apply to:

**Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of any insured arising out of and in the course of:

    **(a)** Employment by any insured; or

    **(b)** Performing duties related to the conduct of any insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether an insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury and to liability assumed under an "insured contract".

The word "employee" as used in this exclusion includes any member, associate, "leased worker", contract worker, casual

worker, "temporary worker" or any persons loaned to or volunteering services an insured.

\* \* \*

(Ex. B, "Employer's Liability Exclusion".)

41. The Employer's Liability Exclusion bars coverage for "bodily injury" to an "employee" of Crysalis arising out of and in the course of employment by any insured or performing duties related to the conduct of any insured's business. (Ex. B.)

42. Kinsale contends that Buescher was working as an employee for Bell Electric Contractors, an independent contractor or subcontractor of Crysalis, at the time he was allegedly injured at the Facility.

43. However, if, in the alternative, it was determined that Buescher was an employee of Crysalis at the time of the injuries giving rise to the *Buescher* Lawsuit, then the Employer's Liability Exclusion would bar coverage for the claims asserted in the *Buescher* Lawsuit.

44. Accordingly, pleading in the alternative, the Employer's Liability Exclusion bars coverage for the claims asserted in the *Buescher* Lawsuit.

45. Kinsale has and had no duty under the Kinsale Policy to defend Crysalis and/or Zarcyczynski against the *Buescher* Lawsuit or to indemnify Crysalis and/or Zarcyczynski for any judgment or settlement entered in the *Buescher* Lawsuit.

46. An actual controversy exists between Kinsale, Crysalis, Zarcyczynski, and Buescher, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

b. Find and declare that the Kinsale Policy's "Employer's Liability Exclusion" bars coverage for the claims asserted in the *Buescher* Lawsuit;

c. Find and declare that Kinsale has and had no duty under the Kinsale Policy to defend Crysalis and/or Zarcyczynski against the *Buescher* Lawsuit, or to indemnify Crysalis and/or Zarcyczynski for any judgment or settlement entered therein; and

d. Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

**TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY LLP**

By: /s/ Dana A. Rice
Dana A. Rice (6283827)
Adam P. Joffe (6300116)
71 S. Wacker Drive
Suite 2110
Chicago, IL 60606
P: 332-3900
F: 312-332-3908
drice@tlsslaw.com
ajoffe@tlsslaw.com

**ATTORNEYS FOR KINSALE INSURANCE COMPANY**